UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| AVANTAY DORSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-01180-MMM |
| | ) | |
| STATE OF ILLINOIS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, alleges Defendants violated his Eighth Amendment rights through deliberate indifference to his serious medical needs.

A.  <u>Motion to Request Counsel</u>

Plaintiff's Motion to Request Counsel is before the Court. Doc. 5.

The Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

Plaintiff has not shown a reasonable attempt to secure counsel on his own behalf. Plaintiff may renew his motion upon demonstrating a reasonable attempt to secure counsel. A reasonable attempt to secure counsel normally entails writing to several attorneys who practice prison civil rights law, explaining the details of this specific case,

and requesting representation. Copies of the letters sent, along with copies of responses received, should then be filed as attachments to any renewed motion. Motion denied.

B. <u>Merit Review</u>

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**Defendants.** Plaintiff names the State of Illinois, the Department of Corrections, and Medicals Health Care as Defendants.

**Factual allegations.** Plaintiff alleges he entered Pontiac Correctional Center in 2021. He is HIV positive. On eight occasions in 2024 he missed a dose of his HIV anti-viral medication. He seeks money damages of $10,000 for each of the days he missed.

**Legal standard.** Deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that

risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the inadequate medical care is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014).

**Analysis.** First, the State and its sub-unit, the Department of Corrections, are immune from suits for money damages. "Illinois is protected against civil suits in federal court by two relevant doctrines." *Murphy v. Smith*, 844 F.3d 653, 656 (7th Cir. 2016).

Next, Plaintiff does not allege that any individual was involved in denying him his medication. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation.").

Plaintiff also does not plausibly allege that any one missed dose of medication is a serious medical need. Even if he had, Plaintiff does not allege that any individual knew Plaintiff would miss a dose of medication and proceeded with deliberate indifference to the known risk. *Pyles*, 771 F.3d at 411-12.

Finally, naming a responsible individual is crucial, because "the division of labor is important not only to bureaucratic organization but also to efficient performance of

tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). "Even assuming" that some individual was "aware of the conditions [at issue]," where "there is no evidence that their positions within the prison charged them with any responsibility for the conditions in that unit or gave them the authority to change those conditions," they cannot be held to account for the "conditions [the plaintiff] has described." *Adams v. Reagle*, ---F.4th ---, No. 21-1730, 2024 WL 340045, at *11 (7th Cir. Jan. 30, 2024) (applying *Burks*).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Request Counsel [5] is DENIED with leave to renew for the reasons and in the manner stated above.

2. Plaintiff's Motion for Status [6] is MOOT.

3. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff is allowed 21 days to file an amended complaint if he believes he can state a claim consistent with the legal standards described in this Order. If he does not amend the action will be dismissed without prejudice.

Entered this 20th day of January, 2026.

*s/Michael M. Mihm*
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
